United States District Court
Southern District of Texas
**ENTERED**
December 31, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAUNETTA R. HOLT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0564 |
| | § | |
| HOUSTON METHODIST SUGAR | § | |
| LAND HOSPITAL, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 129] filed October 1, 2020, by Defendant Houston Methodist Sugar Land Hospital ("Houston Methodist"). Pursuant to Rules 16(f), 37, and 41(b) of the Federal Rules of Civil Procedure, Houston Methodist seeks dismissal of Plaintiff *pro se* Chaunetta R. Holt's remaining claims for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

Plaintiff's response to the Motion to Dismiss was due October 22, 2020, and a failure to respond to a motion is construed as a representation of no opposition. *See* S.D. TEX. L.R. 7.3, 7.4. Plaintiff did not file any opposition to Defendant's Motion by the October 22, 2020, deadline. By Order [Doc. # 130] entered December 9, 2020, the Court directed Plaintiff to file any opposition to Defendant's Motion by December 29, 2020 – more than two months after the original response deadline. On

December 29, 2020, Plaintiff filed a "Motion to Deny Defendant Motion to Dismiss" ("Response") [Doc. # 131].  Three of the five substantive pages of the Response are reproductions of Plaintiff's February 24, 2020 Objections [Doc. # 111] to the Magistrate Judge's Report and Recommendation.  The remaining two pages discuss an October 2019 Order issued by the Magistrate Judge and complain about Defendant, but the Response fails to address the specific issues raised in the pending Motion. Based on Plaintiff's extensive history of intentionally failing to comply with her obligations in this lawsuit, and there being no lesser sanction that would ensure future compliance, the Court **grants** the Motion and **dismisses** this case.

## I.    BACKGROUND

Plaintiff filed this lawsuit on February 19, 2019, alleging that her former employer, Houston Methodist, discriminated against her and retaliated against her in violation of the ADA.  Plaintiff alleged also that Houston Methodist defamed her in April 2018, based on statements made to the Equal Employment Opportunity Commission and Texas Workforce Commission in connection with her Charge of Discrimination filed January 5, 2018.

Plaintiff appeared before the Court for an initial pretrial and scheduling conference on July 15, 2019.  At that time, Plaintiff provided the Court updated

contact information, including a current mailing address, telephone number, and email address. *See* Hearing Minutes and Order [Doc. # 19].

By Order [Doc. # 40] entered September 4, 2019, the Court referred this case to Magistrate Judge Dena Palermo for pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Faced with numerous, often repetitive, motions filed by Plaintiff, the Magistrate Judge issued an Order [Doc. # 89] on September 25, 2019, precluding Plaintiff from filing any additional motions until after the initial pretrial conference. Nonetheless, Plaintiff promptly attempted to file additional documents in the Court record.

On October 2, 2019, Plaintiff and defense counsel appeared before the Magistrate Judge for an initial pretrial conference. The following day, the Magistrate Judge issued an Order precluding both parties from filing any additional documents until the Court ruled on Defendant's Motion to Dismiss [Doc. # 36] filed August 26, 2019 ("2019 Motion to Dismiss"). *See* October 3, 2019 Order [Doc. # 100]. The Magistrate Judge vacated the existing discovery deadlines, and stated that she would conduct a scheduling conference after the ruling on the 2019 Motion to Dismiss. *See id.* The Magistrate Judge ordered further that:

> All communication between Plaintiff and Defendant's Counsel shall be conducted by email. Plaintiff shall refrain from calling or appearing at Defendant's place of business, Defendant's Counsel's office, or the Court unless there is a hearing scheduled.

*Id.*  Notwithstanding the Magistrate Judge's Order, on October 9, 2019, Plaintiff filed four memoranda [Docs. # 102 - # 105].  By Order [Doc. # 106] entered October 16, 2019, the Magistrate Judge struck these documents from the record.

On February 10, 2020, the Magistrate Judge issued her Report and Recommendation [Doc. # 109] on Defendant's 2019 Motion to Dismiss.   On February 24, 2020, Plaintiff filed Objections [Doc. # 111].  On February 28, 2020, this Court issued its own Memorandum and Order [Doc. # 112] ruling on the 2019 Motion to Dismiss.  The Court dismissed the defamation claim and denied dismissal of the two ADA claims.  As of that date, the Court had ruled on the 2019 Motion to Dismiss and, therefore, the Magistrate Judge's October 3, 2019 Order no longer precluded the parties from filing documents and engaging in discovery.

On April 13, 2020, the Magistrate Judge issued an Order [Doc. # 115] scheduling a telephone conference for May 8, 2020.  By Order [Doc. # 119] issued May 5, 2020, the telephone conference was changed to a video conference, but remained scheduled for May 8, 2020 at 1:30 p.m.  Plaintiff failed to appear for the conference as ordered, and she did not notify the Court that she had a problem that prevented her appearance.  *See* Hearing Minutes and Order [Doc. # 120].   The Magistrate Judge clarified that Plaintiff was permitted to file motions again.  *See id.*

After conducting the status and scheduling conference on May 8, 2020, the Magistrate Judge issued a new Docket Control Order [Doc. # 121].

On May 11, 2020, Defendant served written discovery requests on Plaintiff. *See* Defendant's First Set of Written Discovery, Exh. B to Motion.  Plaintiff failed to respond.  Additionally, Defendant attempted to contact Plaintiff by telephone, email, and first class mail to obtain available dates for her deposition.  *See* Correspondence, Exh. C and Exh. D to Motion.  When Plaintiff failed to respond, Defendant noticed her deposition for June 24, 2020, and notified her by first class mail and by email.  *See* Notice of Deposition, Exh. E to Motion; Correspondence, Exh. F to Motion.  On June 9, 2020, Plaintiff sent an email to defense counsel expressing the understanding that the Court had ruled in her favor on the ADA claims, and stating "[o]ral depositions and video occurs at the beginning of a case. . . . we not be starting this case over."  *See* June 9, 2020 Email, Exh. G to Motion.

On July 23, 2020, Defendant filed a letter asking the Magistrate Judge to "compel Plaintiff to answer Defendant's written discovery and appear for deposition." *See* Letter [Doc. # 122].  Defendant represented to the Magistrate Judge that "Plaintiff Chaunetta Holt, who is proceeding *pro se*, has indicated she does not intend to participate in written discovery or her deposition."  *Id.*  Upon receipt of Defendant's letter, the Magistrate Judge issued an Order [Doc. # 123] scheduling a video

conference on July 27, 2020.  Plaintiff failed to appear for the conference as ordered.
*See* Hearing Minutes and Order [Doc. # 124].   Following the conference, the
Magistrate Judge granted Defendant's Motion to Compel.  *See* Order [Doc. # 125]
entered July 27, 2020.  In the July 27, 2020 Order, the Magistrate Judge set forth a
detailed history of Plaintiff's failure to participate in discovery and appear for
conferences as ordered.  *See id.*  The Magistrate Judge explained to Plaintiff in writing
that the Court in its February 2020 Memorandum and Order did not rule in Plaintiff's
favor on the merits of her ADA claims, and that Plaintiff was required to respond to
Defendant's discovery requests and to appear for a deposition. *See id.*  The Magistrate
Judge stated clearly and unequivocally:

> Plaintiff is required to provide answers to written discovery and make
> herself available for deposition.  **If Plaintiff fails to participate in
> discovery, the Court may sanction her, including dismissing her case
> with prejudice**.  *See* FED. R. CIV. P. 37.

*Id*. (emphasis in original).  The Magistrate Judge ordered Plaintiff to respond to
Defendant's written discovery requests and, by August 1, 2020, to provide a date by
September 15, 2020 for her deposition.  *See id.*  In addition to email service of the
July 27, 2020 Order on Plaintiff through the Court's Electronic Case Filing system,
Court staff sent a copy of the Order to Plaintiff by FedEx and received delivery
confirmation.

On September 10, 2020, Defendant contacted the Magistrate Judge by letter [Doc. # 127] to advise that Plaintiff failed to respond to the written discovery requests and that she indicated to counsel that she would not appear for her deposition.  By Order [Doc. # 128] entered September 11, 2020, the Magistrate Judge reminded Plaintiff that she "previously warned Plaintiff that her failure to participate in discovery could result in sanctions, including dismissal of her lawsuit" and directed Plaintiff to respond to Defendant's letter by September 25, 2020.  Plaintiff did not respond.

On October 1, 2020, Defendant filed the pending Motion to Dismiss.  The Motion is ripe for decision.

## II.    **APPLICABLE LEGAL STANDARDS**

The Court is authorized to issue "any just orders" if a party fails to attend a pretrial conference or fails to obey a pretrial order.  *See* FED. R. CIV. P. 16(f).  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  Additionally, this Court has the authority to dismiss an action for lack of prosecution under its inherent authority.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009).  If a party

fails to obey a discovery order or to appear for her deposition, the Court may dismiss the case.  *See* FED. R. CIV. P. 37(b)(2)(A)(v); FED. R. CIV. P. 37(d).

When a timely filed action under the ADA is dismissed for want of prosecution or as a sanction for discovery abuses "after the expiration of the 90 day filing period, the plaintiff effectively is prohibited from refiling the action."  *Angel v. Consol. Freightways, Inc.*, 71 F.3d 879, \*3 (5th Cir. Nov. 24, 1995).  Therefore, the dismissal is treated as one with prejudice.  *See id.*  Generally, the Fifth Circuit "will affirm a dismissal with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Tips v. Regents of Texas Tech Univ.*, 66 F.3d 321, \*2 (5th Cir. Aug. 3, 1995).  Additionally, the Fifth Circuit will not affirm a dismissal with prejudice absent one of the following aggravating factors: "(1) delay attributable directly to the plaintiff, rather than his attorney, (2) actual prejudice to the defendant, (3) delay caused by intentional conduct."  *Angel*, 71 F.3d 879 at \*3; *see also Riojas v. Wells Fargo Bank, N.A.*, 2017 WL 2861426, \*5 (S.D. Tex. July 5, 2017) (dismissal pursuant to Rule 37(b)(2)(A)(v)).

## III.   <u>ANALYSIS</u>

Plaintiff has repeatedly failed to comply with Orders issued by the Magistrate Judge, including orders to appear for conferences.  When ordered on October 3, 2019, not to file additional documents until the Court ruled on Defendant's 2019 Motion to Dismiss, Plaintiff filed four additional documents on October 9, 2019.  Plaintiff failed to appear as ordered for conferences on May 8, 2020, and on July 27, 2020.

Plaintiff also refused to participate in discovery.  She failed to respond to written discovery and failed to appear for her deposition on June 24, 2020.  Her only explanation for her refusal to comply with her discovery obligations was that she believed the Court had ruled in her favor on the ADA claims and that depositions occur at the beginning of a case.  Even after the Magistrate Judge ordered her to comply [Doc. # 125], Plaintiff again refused to respond to written discovery and failed without explanation to appear for her deposition on September 24, 2020.

Between the February 28, 2020, Memorandum and Order ruling on Defendant's 2019 Motion to Dismiss and December 29, 2020, when Plaintiff filed her "Motion to Deny Defendant Motion to Dismiss," Plaintiff intentionally refused to participate in the prosecution of this lawsuit.  Plaintiff's refusal persisted notwithstanding at least four orders [Docs. # 119, # 123, # 125, and # 128] for her to participate in discovery, respond to an issue raised by Defendant, or appear for a conference.  Plaintiff's refusal

to comply with court orders and participate in discovery persisted notwithstanding at least two orders [Docs. # 125 and # 128] warning her that failure to participate in discovery could result in dismissal of this lawsuit.

In her "Motion to Deny Defendant Motion to Dismiss," Plaintiff notes that in the Magistrate Judge's Order [Doc. # 100] entered October 3, 2019, Plaintiff was precluded from calling or appearing at Defendant's place of business, at defense counsel's office, or at the Court unless there was a hearing scheduled. This in no way explains or excuses Plaintiff's failure to comply with Court orders, including the Order [Doc. # 125] requiring Plaintiff to appear for her deposition, or to respond to Defendant's written discovery requests. Moreover, Plaintiff's explanation for refusing to appear for her June 24, 2020 deposition was not that she believed her appearance at counsel's office was precluded by the Magistrate Judge's October 3, 2019 Order. Instead, Plaintiff stated that she would not appear for her deposition because oral depositions occur at the beginning of a case and she would "not be starting this case over."

Plaintiff also cites the statement in the October 3, 2019 Order that discovery deadlines were vacated and a new scheduling conference would be held after the Court ruled on the 2019 Motion to Dismiss. It is clear, however, that the referenced scheduling conference occurred on May 8, 2020, but Plaintiff chose not to attend.

Plaintiff relies also on the statement in the October 3, 2019 Order that neither party could file anything in the case until the Court ruled on the 2019 Motion to Dismiss.  The Court ruled on the 2019 Motion to Dismiss in its Memorandum and Order [Doc. # 112] issued February 28, 2020.  After that date, there was no prohibition on Plaintiff filing additional matters.  Yet after that date, until December 29, 2020, Plaintiff willfully refused to file anything, to participate in discovery, or to appear at conferences held by the Magistrate Judge.

In this case, there is a clear record of Plaintiff intentionally and steadfastly refusing to participate in discovery, to appear for conferences with the Magistrate Judge, and to prosecute her lawsuit in any way for a 10-month period.  This intentional delay was caused by Plaintiff's own conduct.  As a result, the Court finds without reservation that sanctions are warranted.

The Court finds that there is no lesser sanction that would induce Plaintiff to comply with Court orders and with her discovery obligations.  Plaintiff is *pro se* and filed this lawsuit in February 2019 challenging the termination of her employment in 2017.  There is nothing in the record to suggest that Plaintiff has funds to pay a monetary sanction.  Court orders and repeated warnings that failure to comply could result in dismissal of this lawsuit have not persuaded Plaintiff to fulfill her discovery obligations.

Although the Court recognizes that dismissal is a severe sanction, Plaintiff's conduct in this case has been intentional and persistent. The case was filed almost two years ago. Yet, because of Plaintiff's refusal to prosecute her lawsuit and comply with Court orders and discovery obligations, basic discovery has not begun. Indeed, to date Plaintiff has not responded to Defendant's written discovery requests or appeared for her deposition. Dismissal of this case, after repeated warnings, is warranted.

## IV. CONCLUSION AND ORDER

Throughout the pendency of this lawsuit, but particularly since the Court's February 2020 dismissal of Plaintiff's defamation claim, Plaintiff has steadfastly refused to participate in discovery, to appear for conferences before the Magistrate Judge, and otherwise to prosecute this lawsuit. As a result, there being no lesser sanction that would ensure Plaintiff's future compliance with discovery obligations and Court orders, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 129] is **GRANTED** and this case is **DISMISSED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **31st** day of **December, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE